MATTER OF MONMA

In Visa Petition Proceedings

A-17096264

*Decided by Board June 22, 1967*

The mere recording of the name of a child born out of wedlock in the same family register as that of the putative father does not constitute legitimation in Japan since under Japanese law a child born out of wedlock can only be legitimated by the subsequent marriage of the parents and the acknowledgment of parentage, with the entry of both the marriage and the acknowledgment into the official family register.

ON BEHALF OF PETITIONER: Robert D. Beall, Esquire
522 Delaware Street
Leavenworth, Kansas 66048

The case comes forward on appeal from the order of the Officer in Charge, Tokyo, Japan, dated March 15, 1967 denying the visa petition for the reason that the beneficiary, the putative father of the petitioner, and Tomoe Kato, the mother of the beneficiary, were never married, the petitioner cannot qualify as a child under section 101(b)(1)(C) and the petition must therefore be revoked.

The petitioner, a native of Japan, a naturalized citizen of the United States, 37 years old, female, seeks immediate relative status on behalf of the beneficiary as her parent. The beneficiary is a native and citizen of Japan, 62 years old, male. The visa petition was originally approved for immediate relative status on July 12, 1966.

The file contains an adjudicated basis for decision dated March 15, 1967. An investigation was conducted in connection with the beneficiary's application for a waiver of the grounds of excludability for convictions of abducting a minor for profit (prostitution) in 1937, three convictions in 1952 and 1953 for introducing girls into prostitution as well as several other arrests. The application for the waiver of the grounds of excludability was based upon the relationship of father and daughter between the beneficiary and the petitioner. Action on the waiver was held in abeyance pending determination of the true nature of the alleged relationship.

265

The beneficiary appeared for questioning at the Tokyo Immigration Office on March 2, 1967. He presented a corrected official Japanese family register which shows him as the father of Kimiko, the petitioner, born out of wedlock to an unwed mother, Tomoe Kato. The beneficiary admitted there was no marriage or official register of marriage to his daughter's mother, Tomoe Kato. He stated that he was aware that common law relationships are not recognized as valid marriages under Japanese law and no marriage ceremony or common law relationship is of any validity in Japan unless the marriage is formally recorded in the official Japanese family register. Under both the old and new Civil Code of Japan, a father's acknowledgment of a child on the family register does not constitute legitimation. The Japanese Ministry of Justice was consulted and advised that under Japanese Civil Code (Law #222, amended 1947), a child born out of wedlock can only be legitimated by the marriage of the parents with this marriage and the acknowledgment of parentage of the child being entered in the official family register.

This interrogation of the beneficiary was initiated by an interview of the petitioner at Fort Leavenworth, Kansas on February 7, 1967 during the course of which she stated that her parents were not married; that she started living with her paternal grandparents at the time of her birth and that she actually never did live with her father and mother. She believes the mother left her when she was about two years old.

The record establishes that the petitioner was born out of wedlock and is not the legitimate child of the beneficiary, her putative father. The beneficiary has admitted that he was never married to the mother of the petitioner. The fact that the petitioner's name is recorded in the same family register as that of the beneficiary does not constitute legitimation. Under Japanese law there must be the subsequent marriage of the parents, acknowledgment of parentage, and entry into the official family register. The family register which was submitted by the beneficiary does not indicate that the petitioner's parents were ever married. Inasmuch as the beneficiary does not qualify as a "parent" as defined in section 101(b)(2), since none of the circumstances described in section 101(b)(1) of the Immigration and Nationality Act apply, he is not eligible for immediate relative status as the parent of a United States citizen.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.